IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN C. STRONG,

                Petitioner,

v.                                                                 CASE NO. 16-3101-SAC

JAMES HEIMGARTNER,

                Respondent.

**MEMORANDUM AND ORDER**

This matter is before the Court on several motions: (1) Respondent's Motion to Dismiss (ECF No. 37); (2) Petitioner's Motion for Summary Judgment (ECF No. 38); (3) Petitioner's Motion for Additional Records (ECF No. 39); and (4) Petitioner's Motion for Recusal (ECF No. 40). For the reasons described herein, all motions are denied.

**I.    Procedural Background**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner commenced the present action on May 10, 2016, seeking relief from his conviction on two grounds: (1) that the state district court failed to process and rule on his post-conviction motions filed in June of 1983, and (2) that the trial court lacked subject matter jurisdiction to enter judgment against him. The Court reviewed the Petition and ordered Respondent to file a response addressing the timeliness of this matter. *See* ECF No. 5. Respondent filed a response, arguing the Petition was filed out of time. *See* ECF No. 9. The Court agreed and dismissed the Petition as time-barred. *See* ECF No. 11. Petitioner then appealed the dismissal to the Tenth Circuit Court of Appeals.

1

The Tenth Circuit found that because Petitioner had a post-conviction motion pending in state court for the last 35 years, the statute of limitations for filing a federal habeas action was tolled. Therefore, the Tenth Circuit reversed and remanded the case for further proceedings. *See Strong v. Hrabe*, 750 F. App'x 731 (10th Cir. 2018). The Court then ordered Respondent to show cause why the writ should not be granted. *See* ECF No. 32. In lieu of filing a response, Respondent filed the pending Motion to Dismiss.

**II.     Motion to Dismiss (ECF No. 37)**

In his Motion to Dismiss, Respondent argues the Petition should be dismissed because Petitioner has not exhausted his state court remedies. Respondent asserts that because the post-conviction motions that tolled the running of the limitation period remain pending, the state courts have not fully considered Petitioner's claims as required for exhaustion. Respondent argues Mr. Strong should be required to file a motion for a writ of mandamus in the Kansas Supreme Court to force the district court to rule on his long-pending motions, then, if the ruling is not favorable, appeal the ruling through the state appellate courts before he can pursue a writ of habeas corpus in this court.

On January 30, 2019, Petitioner filed a Motion for Summary Judgment. *See* ECF No. 38. The pleading responds to Respondent's arguments in the Motion to Dismiss, and the Court has considered it in ruling on the motion.

As an initial matter, Petitioner argues that because Respondent did not raise the exhaustion issue in his response addressing the timeliness of the Petition, it has been waived. 28 U.S.C.A. § 2254(b)(3) provides that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Respondent at no time expressly waived the exhaustion requirement.

The case cited by Petitioner stands for the proposition that if the State does not raise failure to exhaust state remedies at the federal district court level, the issue may be deemed waived if the State attempts to raise a nonexhaustion defense for the first time *on appeal*. *See Granberry v. Greer*, 481 U.S. 129, 134 (1987). Because that is not the case here, the Court finds Respondent has not waived the exhaustion requirement.

Turning to the exhaustion requirement itself, 28 U.S.C. § 2254(b)(1) provides, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--**(A)** the applicant has exhausted the remedies available in the courts of the State; or **(B)(i)** there is an absence of available State corrective process; or **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant." The statute further provides, "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement is not a jurisdictional bar. *Demarest v. Price*, 130 F.3d 922, 933 (10th Cir. 1997); *Castille v. Peoples*, 489 U.S. 346, 349 (1989). While exhaustion is not to be "overlooked lightly" (*Hernandez v. Starbuck,* 69 F.3d 1089, 1092 (10th Cir. 1995)), an exception to the exhaustion requirement may be made where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano,* 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B). State remedies may be deemed to be ineffective where there has been "[i]nordinate, unjustifiable delay in a state-court collateral proceeding." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). *See also Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994) (delay of more than two

years on direct appeal of conviction gives rise to a rebuttable presumption that exhaustion should be excused); *Lee v. Stickman*, 357 F.3d 338, 342 (3rd Cir. 2004) (exhaustion of state court remedies requirement excused where petition under Pennsylvania's Post Conviction Relief Act had been before the Pennsylvania state courts for almost eight years with no resolution); *Bookwalter v. Steele*, No. 4:17-CV-2333 SPM, 2017 WL 6059227, at *2 (E.D. Mo. Dec. 7, 2017) (nearly seven-year delay exercised by the post-conviction court excused the exhaustion required in 28 U.S.C. § 2254(b)(1)(A)); *Pool v. Wyrick*, 703 F.2d 1064, 1066–67 (8th Cir. 1983) (per curiam) (where petitioners had not obtained any state-court ruling on post-conviction motions after delays of more than two years, court of appeals remanded case to the district court with directions to consider the habeas petition on the merits if the state court still had not rendered a decision within a stated period of time); *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (exhaustion requirement excused where state petition for post-conviction relief had been pending for three years); *Plymail v. Mirandy*, 671 F. App'x 869, 870-71 (4th Cir. 2016) (exhaustion requirement excused where state supreme court took over 20 years to decide direct appeal, state habeas petition had been pending for more than three years, inmate had successfully petitioned at one juncture for writ of mandamus ordering resentencing to allow him to perfect his appeal, and inmate allegedly suffered from life-threatening medical condition that rendered him unable to ensure timely prosecution of his appeal).

To the extent Petitioner has not given the state courts the opportunity to consider the issues he has raised herein, Petitioner is excused from the exhaustion of remedies requirement in the interests of justice. While the exhaustion requirement is not to be "overlooked lightly," *Hernandez,* 69 F.3d at 1092, it seems unfair to require Petitioner to file a mandamus action when the state court has had 35 years to rule on Petitioner's post-conviction motions for collateral relief

4

and has failed to do so. The facts of this case seem to present the very definition of "inordinate, unjustifiable delay." *Jackson*, 112 F.3d at 881. Respondent's Motion to Dismiss is denied.

**III.     Petitioner's Motion for Summary Judgment (ECF No. 38)**

In addition to responding to the Motion to Dismiss, Petitioner argues in his Motion for Summary Judgment that Respondent has failed to assert any facts disputing his substantive allegations and therefore he is entitled to summary judgment on his habeas corpus petition.

Petitioner's motion is premature and is denied. Respondent has not yet responded to the substantive allegations because he has not yet filed an Answer. Instead, he filed a limited response to the Court's order directing him to address the timeliness of the Petition (ECF No. 9) and a Motion to Dismiss, discussed and denied above, addressing the exhaustion question. Filing a motion to dismiss in lieu of an answer in a habeas action is an acceptable practice in the Tenth Circuit. *See Scott v. Romero*, 153 F. App'x 495, 498 (10th Cir. 2005). Because Respondent's Motion to Dismiss is denied, he will now have the opportunity to file an Answer to the Petition wherein he addresses Petitioner's allegations.

**IV.     Petitioner's Motion for Additional Records (ECF No. 39)**

Petitioner asks the Court to order the Clerk of the Shawnee County District Court to produce records from the 1982 trial resulting in his conviction. Respondent has been ordered to forward to the Court "[t]he records and transcripts, if available, of the criminal proceedings complained of by the petitioner." ECF No. 32 at 2. Now that Respondent's Motion to Dismiss has been denied, Respondent has thirty (30) days to file an Answer and the records, as previously ordered by the Court. Petitioner's motion is denied.

## V.     Petitioner's Motion for Recusal (ECF No. 40)

Petitioner moves pursuant to 28 U.S.C. § 455(a) for disqualification of the undersigned due to "obvious bias and prejudice." ECF No. 40 at 1. Petitioner cites as support for his motion previous adverse rulings in this case, as well as in another case Mr. Strong filed in this court. He also makes numerous unsupported allegations, including that "[r]ecords and evidence clearly show that Judge Crow, was and is bias, had prior knowledge and a personal interest in the petitioner's case herein" (ECF No. 40 at 3), without citing any such records or evidence; that the Court has "engaged in a conspiracy to deprive, to sabotage, and to coverup" (*id.* at 4); and that "the evidence clearly shows that this judge had a goal and an interest in the outcome of this case", speculating that the Court's goal might be "protecting his friends, race discrimination, retaliatory or just don't like pro se litigants complaining of rights they simply don't have in his court" (*id.* at 5).

Under 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard is objective, and the initial question is whether there is a reasonable *factual* basis for calling into question the Court's impartiality. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted). The law is clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *U.S. v. Hines,* 696 F.2d 722, 729 (10th Cir. 1982); *see also Cooley,* 1 F.3d at 993 ("The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."). Moreover, "[t]here is as much

6

obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

The Court has reviewed Petitioner's motion and finds Mr. Strong has failed to present any plausible ground for recusal. Much of the motion simply reflects rulings of the Court with which Petitioner disagrees. Any remaining allegations are entirely unsupported. There is no reasonable factual basis for Petitioner's motion, and the motion is denied.

## VI. Conclusion

For the reasons discussed above, Respondent's Motion to Dismiss is denied. Respondent has thirty (30) days to file an Answer. In addition, Petitioner's Motion for Summary Judgment is denied as premature, and his Motion for Additional Records and Motion for Recusal are also denied.

**IT IS THEREFORE ORDERED** Respondent's Motion to Dismiss (ECF No. 37) is **denied**. Respondent shall file an Answer to the Petition within thirty (30) days from the date of this order, along with the records and transcripts, if available, of the criminal proceedings complained of by the petitioner. Petitioner is granted thirty (30) days from his receipt of the Answer to file a Traverse.

**IT IS FURTHER ORDERED** Petitioner's Motion for Summary Judgment (ECF No. 38) is **denied** as premature.

**IT IS FURTHER ORDERED** Petitioner's Motion for Additional Records (ECF No. 39) is **denied**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Recusal (ECF No. 40) is **denied**.

**IT IS SO ORDERED.**

DATED: This 21st day of May, 2019, at Topeka, Kansas.


                                          **s/ Sam A. Crow**
                                          **SAM A. CROW**
                                          **U.S. Senior District Judge**