IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN C. STRONG,

                Petitioner,

v.                                      CASE NO. 16-3101-SAC

JAMES HEIMGARTNER,

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a prisoner in state custody at Norton Correctional Facility ("NCF"), proceeds pro se. Petitioner seeks to set aside his 1982 conviction for rape. The Court finds that Petitioner has not stated a basis for federal habeas corpus relief and denies the Petition. The Court further denies Petitioner's motion for summary judgment and motion to supplement.

**Background**

Petitioner was convicted of rape in February of 1982 in the District Court of Shawnee County, Kansas. On April 29, 1983, his conviction and sentence were upheld by the Kansas Supreme Court. *State v. Strong*, Case No. 54,476 (Kan. Sup. Ct. Apr. 29, 1983) (unpublished order) (ECF No. 9, Ex. C).

On June 20, 1983, Petitioner returned to the trial court and filed a document titled "Motion to Dismiss" in which he sought to have the case against him dismissed on statutory

1

speedy trial grounds. *See* Motion to Dismiss, 6/20/1983, ECF No. 46-1, at 107. The court never ruled on that motion.

However, this was an argument Petitioner had already raised in the trial court. After a mistrial on the rape charge, he filed a motion to dismiss based on a violation of his right to a speedy trial under Kansas law. *See* Motion to Dismiss, 2/2/1982, ECF No. 46-1, at 131-32. The court rejected his motion, and a second jury trial resulted in his conviction. Petitioner did not raise the speedy trial argument on direct appeal of this conviction.

Petitioner did raise the argument in the direct appeal of a subsequent conviction for attempted aggravated burglary that had been pending at the same time as the rape charge. Petitioner argued the trial court erred when it denied his motion to dismiss based on violation of his speedy trial rights. On May 19, 1983, the Kansas Court of Appeals denied Petitioner's claim, finding his right to a speedy trial had not been infringed. *State v. Strong*, 663 P.2d 668, 675 (Kan. App. 1983). The appellate court held that because Mr. Strong was in custody pending trial in two different criminal cases, the speedy trial provisions of K.S.A. 22-3402 did not apply. *Id.* at 672-73. The court went on to consider whether Petitioner's constitutional speedy trial rights had been violated and held that they were not. *Id.* at 674.

Petitioner then filed a petition under K.S.A. 60-1507 on April 3, 2014.[1] He joined his rape conviction and his attempted aggravated burglary conviction and again argued the district court erred in denying his motion to dismiss based on speedy trial grounds and that his counsel was ineffective. The state district court denied the petition, holding it was untimely. The district court further held that because Petitioner had raised the speedy trial issue in his direct appeal of

---

[1] Petitioner had filed a motion for conversion of his sentence on July 31, 1995, which the state district court treated as a 60-1507 petition. *See* Journal Entry, ECF No. 46-1, at 155.

the attempted aggravated burglary conviction and the Court of Appeals rejected it, the issue was res judicata. *See Strong v. State*, 353 P.3d 471 (Table), 2015 WL 4580584, *1 (Kan. App. 2015).

Petitioner appealed the district court's summary denial of his 60-1507 petition, and the Kansas Court of Appeals affirmed, finding (1) his motion was out of time, (2) he abandoned his speedy trial claim as it related to his rape conviction when he did not include it in his direct appeal, and (3) he was barred by res judicata from raising the speedy trial issue as it related to his attempted aggravated burglary conviction. *Strong*, 2015 WL 4580584, *2-3.

Petitioner commenced the present action on May 10, 2016, seeking relief from his rape conviction on two grounds: (1) that the state district court failed to process and rule on the post-conviction "Motion to Dismiss" he filed in June of 1983 thus violating his due process rights, and (2) that the trial court lacked subject matter jurisdiction to retry him following a mistrial because of a violation of the Kansas speedy trial statute.

The Court reviewed the Petition and ordered Respondent to file a response addressing the timeliness of this matter. *See* ECF No. 5. Respondent filed a response, arguing the Petition was filed out of time. *See* ECF No. 9. The Court agreed and dismissed the Petition as time-barred. *See* ECF No. 11. Petitioner then appealed the dismissal to the Tenth Circuit Court of Appeals. The Tenth Circuit found that because Petitioner had a post-conviction motion pending in state court for the last 35 years, the statute of limitations for filing a federal habeas action was tolled. Therefore, the Tenth Circuit reversed and remanded the case for further proceedings. *See Strong v. Hrabe*, 750 F. App'x 731 (10th Cir. 2018).

This Court then ordered Respondent to show cause why the writ should not be granted. *See* ECF No. 32. In lieu of filing a response, Respondent filed a motion to dismiss, which the Court denied. Respondent has now filed an Answer and Return (ECF No. 46) seeking dismissal

of this matter on the grounds that (1) the failure of the state court to rule on Petitioner's untimely post-conviction motion did not violate his due process rights, and (2) Petitioner's speedy trial argument is a state law claim and thus not properly considered in a federal habeas action, is procedurally barred, and is without merit. Petitioner has also filed a motion for summary judgment (ECF No. 47) and a motion to supplement his motion for summary judgment (ECF No. 48), both of which respond to the Answer and Return.

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petitioner is entitled to habeas corpus relief only if the last reasoned state court decision either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]", 28 U.S.C. § 2254(d)(1), or that decision was based upon an "unreasonable determination of the facts in light of the evidence presented." § 2254(d)(2). After making that showing, a petitioner under § 2254 must ultimately show that a constitutional violation occurred. *See Hancock v. Trammell*, 798 F.3d 1002, 1010 (10th Cir. 2015); 28 U.S.C. § 2254(a).

The AEDPA established a "highly deferential" standard of review and requires the habeas court to give "state-court decisions ... the benefit of the doubt." *Littlejohn v. Trammell,* 704 F.3d 817, 824 (10th Cir. 2013) (quoting *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002))(per curiam). In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). "[A] decision is 'objectively

unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard v. Boone,* 468 F.3d 665, 671 (10th Cir. 2006); *see also Frost v. Pryor,* 749 F.3d 1212, 1215 (10th Cir. 2014). This deferential standard of review "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 562 U.S. 86, 102–03 (2011) (internal quotations and citations omitted).

The Court is required to presume the factual findings of the state court are correct unless Petitioner rebuts the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *accord Welch v. Workman,* 639 F.3d 980, 991 (10th Cir. 2011). A federal habeas court does not stand to correct errors of state law and is bound by a state court's interpretation of its own law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2006).

**Analysis**

**Ground One: Whether Petitioner's rights under the Due Process Clause were violated when the state district court failed to process and rule on his June 1983 post-conviction motion to dismiss.**

The document Mr. Strong filed in June 1983 titled "Motion to Dismiss" could not have been a motion to dismiss. Under Kansas law, a motion to dismiss must be filed before trial. K.S.A. 22-3208. It was also not a motion for a new trial or a motion for arrest of judgment. While such motions are filed post-trial in the trial court, they must be filed within 10 days after a verdict. *See* K.S.A. 22-3501 and K.S.A. 22-3502. This document was filed two years after the verdict, after Petitioner's direct appeal of the conviction was completed. Moreover, the trial court no longer had the power to consider such post-trial motions. *See Sanders v. City of Kansas City*, 858 P.2d 833, 835-36 (Kan. App. 1993).

Given that the document was filed in the trial court after Petitioner had completed direct appeal of his conviction, it must have been an attempt to collaterally attack the conviction. In fact, that is how Petitioner now characterizes the document, referring to it in his petition as a "postconviction", "60-1507 motion." ECF No.1, at 5, 7. K.S.A. 60-1507 provides:

> A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence.

K.S.A. § 60-1507(a).

Thus, according to Petitioner, the document was meant to be a collateral attack on his rape conviction. As such, his first ground for relief, that the state district court failed to take up the motion, does not provide a basis for this Court to grant habeas relief.

The Tenth Circuit has held that "a delay in post-conviction proceedings does not give rise to an independent due process claim that would justify granting a defendant habeas relief." *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006); *see Body v. Watkins*, 51 F. App'x 807, 810 (10th Cir. 2002). In *Dago*, the petitioner argued in part that his due process rights were violated and his conviction should be dismissed because his habeas petition was pending in the district court for 7.5 years. *Dago*, 441 F.3d at 1248. The Tenth Circuit recognized that a delay of a post-conviction remedy could work a denial of due process and might justify excusing exhaustion requirements, but that allegations of constitutional errors in post-conviction, collateral proceedings do not state cognizable federal habeas claims. *Id.* at 1248-49 (*citing Mason v. Myers*, 208 F.3d 414, 415 (3d Cir. 2000) (holding that even if a delay in state post-conviction relief constituted a due process violation, a delay in a collateral proceeding could not be the basis

of a § 2254 habeas petition); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) ("Delay in processing [a state] collateral claim does not make the continued imprisonment of the defendant unlawful, and hence, does not warrant federal habeas corpus relief."); *Phillips v. Ferguson,* 182 F.3d 769, 772-73 (10th Cir. 1999) (holding that challenges to the constitutionality of state post-conviction procedures are not cognizable as independent claims in federal habeas corpus actions); *Sellers v. Ward,* 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the defendant] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); *Hopkinson v. Shillinger,* 866 F.2d 1185, 1219 (10th Cir. 1989) ("Even where there may be some error in ... post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim ... represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted), *overruled on other grounds, Sawyer v. Smith,* 497 U.S. 227 (1990)).

Consequently, the issue is not whether the failure of the state court to rule on Petitioner's June 1983 "motion to dismiss" violated Petitioner's due process rights. The issue is whether that purported violation creates a basis for federal habeas corpus relief. The Court finds it does not and rejects the first ground of the Petition.

**Ground Two: Whether the state trial court lacked jurisdiction to try Petitioner due to violation of his right to a speedy trial under K.S.A. 22-3402(4).**

Petitioner alleges the state district court did not have jurisdiction to enter judgment against him after the mistrial because the Kansas speedy trial statute, K.S.A. 1982 Supp. 22-3402, had been violated. This claim also creates no basis for federal habeas corpus review because it is an allegation of state law error. Furthermore, the claim is procedurally defaulted.

Petitioner argues his right to a speedy trial was violated because 195 days passed between when his first trial ended in a mistrial and his second trial began, exceeding the 90-day limit under K.S.A. 22-3402(4). His argument is based entirely on state law. "A habeas petitioner is only entitled to relief, however, for alleged violations of federal rights, not for errors of state law." *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (*citing Estelle v. McGuire*, 502 U.S. 62, 67 (1991)); *Blaurock v. Kansas*, 686 F. App'x 597, 613 (10th Cir. 2017). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.

Even if Petitioner had also claimed violation of his federal constitutional right to a speedy trial, he has not raised a valid claim. "In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant." *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009). However, a court only reaches the final three factors of this analysis if it first determines the delay is presumptively prejudicial. *Id.* ("The first factor, length of delay, functions as a triggering mechanism and the remaining factors are examined only if the delay is long enough to be presumptively prejudicial." (internal quotation marks omitted)); *Jackson v. Ray*, 390 F.3d 1254, 1262 (10th Cir. 2004). Delays approaching one year are generally considered presumptively prejudicial. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice."); *Jackson*, 390 F.3d at 1262. Because a delay of 195 days falls far short of a presumptively prejudicial delay, the other factors are not reached and Petitioner has not made a valid claim of the denial of a constitutional right.

Furthermore, Petitioner's claim is procedurally defaulted. To successfully challenge a conviction under 28 U.S.C. § 2254, a petitioner must first properly exhaust his available remedies in state court or must demonstrate that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect" his rights. 28 U.S.C. § 2254(b)(1). Exhaustion generally requires giving the state courts "an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner must provide "the state courts one fully opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. If the unexhausted claim either was dismissed by a state court on an adequate and independent state procedural ground or would be procedurally barred under state law if the petitioner returned to state court, the claim has been procedurally defaulted, and the federal habeas court cannot consider it. *Blaurock*, 686 F. App'x at 607.

Petitioner completed the state's direct appeal process for his rape conviction, but he did not raise the speedy trial claim in the course of that process. He did raise the claim in his K.S.A. 60-1507 petition, and the Kansas Court of Appeals found the speedy trial claim "abandoned" as it related to his rape conviction because he did not include it in his direct appeal. *See Strong*, 2015 WL 4580584, *2-3. These circumstances fall within the procedural bar established by the adequate and independent state grounds doctrine. *See Blaurock*, 686 F. App'x at 608 (*citing Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (the "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement") and recognizing the Kansas rule against raising arguments for the first time on appeal is an adequate and independent state procedural ground).

A petitioner can overcome a procedural default only by demonstrating cause and actual prejudice as a result of the alleged constitutional violation or that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. *Blaurock,* 686 F. App'x at 608. "Cause under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* (*quoting Griffin v. Schnurr*, 640 F. App'x 710, 720 (10th Cir. 2016)).

Mr. Strong states that his attorney refused to raise the speedy trial claim on appeal. However, he does not raise a claim of ineffective assistance of counsel. Moreover, the record shows that Petitioner was fully capable of firing his attorney and of filing pro se pleadings, as he did both several times. In addition, Petitioner cannot show actual prejudice because the claim was without merit, as demonstrated by the rejection of his speedy trial claim by the Kansas Court of Appeals in his appeal of the attempted aggravated burglary conviction, which had been pending at the same time as the rape charge. The court rejected his claim on the grounds that K.S.A. 22-3402 did not apply because Mr. Strong was in custody pending trial in two different criminal cases (the attempted burglary charge and the rape charge he challenges here) and further found no violation of his constitutional right to a speedy trial. Finally, Petitioner has made no credible claim or showing of actual innocence and therefore he fails to demonstrate that a fundamental miscarriage of justice will occur if the Court does not consider his procedurally barred speedy trial claim.

Mr. Strong's speedy trial claim has been procedurally defaulted, and this Court is barred from considering it.

## Conclusion

For the reasons discussed above, the Court concludes Mr. Strong has failed to demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court therefore dismisses this matter.

**Petitioner's Motion for Summary Judgment (ECF No. 47) and Motion to Supplement his Summary Judgment Pleading (ECF No. 48)**

In addition to responding to the Answer and Return filed by Respondent, Petitioner argues he is entitled to summary judgment on his habeas corpus petition. Petitioner cites a First Circuit case for the proposition that "delay in adjudicating a state prisoner's criminal appeal may do more than simply excuse exhaustion. It may give rise to an independent due process claim." ECF No. 47, at 16 (*quoting United States v. Pratt*, 645 F.2d 89, 91 (1st Cir. 1981)). The Tenth Circuit has similar cases. The problem for Petitioner is that (1) this was not a delay in adjudicating his criminal appeal, rather it was a delay in adjudicating a collateral, post-conviction action; and (2) whether Petitioner has a due process claim is not the issue; the issue is whether he has a claim entitling him to federal habeas relief. The Court found above that he does not. Therefore, Petitioner's motion is denied, and his petition is dismissed.

In his Motion to Supplement his Summary Judgment Pleading (ECF No. 48), Petitioner states that he is raising *three* claims in this habeas action, attempting to add a claim that his right to fair public trial was violated. ECF No. 48, at 2. This claim was not mentioned in the Petition, and Petitioner may not add it now, more than three years after filing. To the extent this filing is a motion, it is denied.

**Certificate of Appealability**

Finally, the Court must consider whether to issue a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicates which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner meets that standard by showing that the issues presented are debatable among jurists, that a court could resolve the issues differently, or that the issues deserve further consideration. *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to enter a certificate of appealability.

**IT IS THEREFORE ORDERED** that Calvin C. Strong's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (ECF No. 1) is **denied**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Summary Judgment (ECF No. 47) is **denied**.

**IT IS FURTHER ORDERED** Petitioner's Motion to Supplement his Summary Judgment Pleading (ECF No. 48) is **denied**.

**IT IS SO ORDERED.**

DATED: This 19th day of February, 2020, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**