IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN C. STRONG,

                              Petitioner,

        v.                                                                      CASE NO. 16-3101-SAC

JAMES HEIMGARTNER,

                              Respondent.

**MEMORANDUM AND ORDER**

       This matter is before the Court on a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) filed by Petitioner (ECF No. 56) challenging the order of the district court dismissing Mr. Strong's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se. For the reasons discussed below, the Court denies Petitioner's motion.

**I. Rule 59(e) Standard**

       Ordinarily, to obtain relief under Rule 59(e), a civil litigant must demonstrate that there has been an intervening change in the controlling law, that there is new evidence previously unavailable, or that there is a need to correct clear error or prevent manifest injustice. *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). However, when presented with a Rule 59(e) motion in the context of a federal habeas corpus case, the Court must first determine if it has jurisdiction under the Antiterrorism and Effective Death Penalty Act (AEDPA). This

depends on whether the motion is a "true" Rule 59(e) motion or a second or successive § 2254 petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (considering whether a Rule 60(b) motion was actually a second or successive § 2254 petition); *see also United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (explaining that Rule 59(e) motions are subject to the same analysis as Rule 60(b) motions). If the motion is actually a second or successive § 2254 petition, the movant must obtain prior authorization from the Tenth Circuit Court of Appeals to proceed. *Spitznas,* 464 F.3d at 1217. If, however, the court concludes it is a "true" Rule 59(e) motion, it may rule on the motion as it would a Rule 59(e) motion in any other case. *Id.*

The Tenth Circuit has described two categories of "true" Rule 60(b) (or 59(e)) motions: "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215-16. Conversely, a Rule 59(e) motion that "challeng[es] the habeas court's previous ruling on the merits of [a habeas] claim" should be treated as a second or successive habeas petition. *Id.* at 1216; *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (explaining that a Rule 60(b) motion should be treated as a second or successive habeas petition "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the [habeas corpus] statutes, entitled to habeas relief" (emphasis in original; footnote omitted)).

## II. Analysis

### A. Petitioner's motion is a "mixed" motion.

Under this analysis, the Court finds that Petitioner's motion should be treated in part as a second or successive petition under § 2254 and in part as a "true" Rule 59(e) motion. In his Petition, Mr. Strong asserts two grounds for habeas relief: (1) the Shawnee County District Court violated his due process rights by failing to rule or take any action on his post-conviction motions for collateral review; and (2) the same court did not have jurisdiction to convict him because of violation of the State speedy trial statute. The Court dismissed his Petition because (1) a due process violation grounded in collateral proceedings does not provide grounds for federal habeas relief, and (2) the speedy trial claim is a state law claim that has been procedurally defaulted.

In his motion, Petitioner attempts to reargue the due process claim and expand upon his challenges to his conviction by arguing there was a conspiracy to deprive him of his rights. He cites several cases for the proposition that "excessive delay in the appellate process may also rise to the level of a due process violation." ECF No. 56, at 3. These arguments are in the nature of second or successive habeas claims.

Petitioner also argues the Court erred in dismissing his habeas petition because he demonstrated actual innocence, and the Court could not make an informed decision on that issue without reviewing the document filed by Patricia Evans in the Tenth Circuit, which "outlines [Petitioner's] arguments concerning [his] actual innocence." ECF No. 56, at 2. The actual innocence claim can go to overcoming the procedural default of his speedy trial claim. A motion asserting a habeas petition was incorrectly dismissed based on a procedural bar constitutes a true 59(e) motion. *See Spitznas*, 464 F.3d at 1216.

In the case of a "mixed" motion – that is, a motion containing both true Rule [59(e)] allegations and second or successive habeas claims – the district court should (1) address the merits of the true Rule [59(e)] allegations . . . , and (2) forward the second or successive claims to [the Tenth Circuit] for authorization." *Id.* at 1217.

**B. Petitioner's second or successive habeas claims must be dismissed for lack of jurisdiction.**

Because the Court construes Petitioner's rehashing of the due process claim and the conspiracy allegation as second or successive habeas claims, that portion of the motion must be dismissed for lack of jurisdiction as Petitioner failed to obtain the requisite authorization before filing the motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by [§ 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) ("A district court does not have jurisdiction to address the merits of a second or successive ... § 2254 claim until [court of appeals] has granted the required authorization.").

However, Petitioner filed a timely appeal to challenge this Court's denial of his habeas petition. Therefore, the Court finds that the "interest of justice" does not warrant transfer of this matter to the Tenth Circuit Court of Appeals for authorization under § 2244(b)(3). *See Cline*, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate).

**C. Petitioner's "true" Rule 59(e) motion must be denied because Petitioner has not demonstrated a change in the controlling law, new evidence previously unavailable, or a need to correct clear error.**

As noted above, a successful 59(e) motion must demonstrate that there has been an intervening change in the controlling law, that there is new evidence previously unavailable, or

4

that there is a need to correct clear error. *Somerlott,* 686 F.3d at 1153. "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue,* 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted). Such a motion may not be used to rehash arguments that have been addressed by the Court or to present new legal theories or facts that could have been presented earlier. *Servants of the Paraclete*, 204 F.3d at 1012.

While not entirely clear, Petitioner appears to be arguing the Court committed clear error in that the state court's failure to address the pending collateral post-conviction motion did in fact violate his due process rights (a rehashing of previous arguments) and that the procedural default of his speedy trial claim should be excused to prevent manifest injustice because of his actual innocence.

**1. The state court's failure to address Petitioner's collateral post-conviction motion does not provide a basis for federal habeas review.**

The first ground has been previously examined and rejected by the Court. Mr. Strong continues to argue that his criminal appeal has been thwarted for 38 years in violation of his right to due process. He cites numerous cases in support. One case, *Hannon v. Maschner*, 981 F.2d 1142 (10th Cir. 1992), is representative. Petitioner summarizes the case as "[a]fter 33 years of trying to get his direct appeal through appellate review, the court granted the prisoner a writ of habeas corpus and ordered him released from custody." ECF No. 56, at 10. As explained above, this is a second or successive habeas claim. However, even if it were not, it would fail.

Petitioner continues to fail to note the determinative difference between Mr. Hannon's case and his: Mr. Hannon never had the opportunity to *directly appeal* his conviction. Here, Petitioner completed the direct appeal of his conviction with affirmance by the Kansas Supreme

Court. The motions never addressed by the state court here were for *collateral* review of his conviction. This distinction makes all the difference from a constitutional standpoint.

As the U.S. Supreme Court has explained, "[t]he principle that collateral review is different from direct review resounds throughout our habeas jurisprudence." *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (citing see, *e.g., Wright v. West,* 505 U.S. 277, 292–293 (1992) (opinion of THOMAS, J.); *Teague v. Lane,* 489 U.S. 288, 306 (1989) (opinion of O'CONNOR, J.); *Pennsylvania v. Finley,* 481 U.S. 551, 556–557 (1987); *Mackey v. United States,* 401 U.S. 667, 682 (1971) (Harlan, J., concurring in judgments in part and dissenting in part)). "Direct review is the principal avenue for challenging a conviction." *Id*. "When the process of direct review—which, if a federal question is involved, includes the right to petition this Court for a writ of certiorari—comes to an end, a presumption of finality and legality attaches to the conviction and sentence. The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials." *Id.* (quoting *Barefoot v. Estelle,* 463 U.S. 880, 887 (1983)).

"Section 2254 authorizes a federal court to grant a writ only where a state holds a petitioner in its custody in violation of 'the Constitution or laws or treaties of the United States.'" *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) (quoting 28 U.S.C. § 2254(a)). "State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings...." *Murray v. Giarratano*, 492 U.S. 1, 10 (1989).

Accordingly, Mr. Strong's claim that he was effectively denied his first state habeas petition—a post-conviction, collateral proceeding—does not present a question cognizable on federal habeas review.

### 2. Petitioner cannot overcome procedural default of his speedy trial claim.

As for overcoming the procedural default of his speedy trial claim, a petitioner can overcome a procedural default only by demonstrating: (1) cause for the default and actual prejudice as a result of the alleged constitutional violation, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. *Blaurock v. Kansas,* 686 F. App'x 597, 608 (10th Cir. 2017); *Schlup v. Delo,* 513 U.S. 298, 314-15 (1995). Mr. Strong attempts to demonstrate both.

#### a. Petitioner has not demonstrated cause and actual prejudice.

Petitioner argues the cause for the procedural default of his speedy trial claim was that his attorney refused to include the argument in the appeal of his conviction. The U.S. Supreme Court has considered the circumstances under which attorney error constitutes adequate cause and held that "[a]ttorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Id.*

Given that Petitioner does not claim that any external factor, such as interference by state officials, caused his appellate counsel to leave out the speedy trial argument, he must demonstrate that his appellate counsel was constitutionally ineffective. That requires him to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the context of failure to raise an issue on appeal, the Court must determine

whether "(1) appellate counsel performed deficiently in failing to raise the particular issue on appeal and (2) but for appellate counsel's deficient performance, there exists a reasonable probability the petitioner would have prevailed on appeal." *Davis v. Sharp*, 943 F.3d 1290, 1299 (10th Cir. 2019). "Yet the Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. Indeed, appellate attorneys frequently 'winnow out' weaker claims in order to focus effectively on those more likely to prevail." *Id.* (internal quotation marks and citations omitted). Thus, "[w]hen considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) (quoting *Hooks v. Ward,* 184 F.3d 1206, 1221 (10th Cir. 1999)).

The Kansas statute providing for a speedy trial is K.S.A. 22-3402. The version in effect at the time of Petitioner's trial provided,

> (1) If any person charged with a crime and held in jail *solely by reason thereof* shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

K.S.A. 22-3402(1) (1978 Supp.) (emphasis added).

Petitioner claims there was a delay of 195 days between when his first trial ended in a mistrial and his second trial. He was arraigned on the rape charge on May 8, 1981. His first trial began on July 20, 1981 and ended in a mistrial on July 24, 1981. His second trial began on February 3, 1982. However, in the interim, Petitioner was arraigned on a charge of aggravated attempted burglary on December 18, 1981. As a result, from December 18 forward, Petitioner was not being held solely by reason of the rape charge.

The Kansas courts have found that where a person is in custody on more than one pending charge, the 90-day time limit of K.S.A. 22-3402 does not apply. *See State v. Sanders*, 578 P.2d 702, 705 (Kan. 1978); *State v. McCowan*, 602 P.2d 1363, 1370 (Kan. 1979); *State v. Strong*, 663 P.2d 668, 672 (Kan. App. 1983). Because Petitioner's right to a speedy trial as implemented by Kansas statute was not violated, the issue becomes whether his constitutional right to a speedy trial under the Sixth Amendment was impinged.

The inquiry under the Sixth Amendment is whether Petitioner's trial occurred within a reasonable time. The U.S. Supreme Court adopted a balancing test to be used to determine whether an accused's right to a speedy trial was denied, where the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant are considered. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009). However, a court only reaches the final three factors of this analysis if it first determines the delay is presumptively prejudicial. *Toombs*, 574 F.3d at 1274 ("The first factor, length of delay, functions as a triggering mechanism and the remaining factors are examined only if the delay is long enough to be presumptively prejudicial." (internal quotation marks omitted)); *Jackson v. Ray*, 390 F.3d 1254, 1262 (10th Cir. 2004). Delays approaching one year are generally considered presumptively prejudicial. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice."); *Jackson*, 390 F.3d at 1262. Because a delay of 195 days falls far short of a presumptively prejudicial delay, the other *Barker* factors are not reached.

As a result, the omission of the speedy trial claim from Petitioner's direct appeal could not have been ineffective assistance of counsel, and Petitioner cannot demonstrate the cause and prejudice required to overcome the procedural default of his speedy trial claim.

**b. Petitioner has not demonstrated a miscarriage of justice.**

The "miscarriage of justice" exception for overcoming a procedural default requires a "petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup,* 513 U.S. at 327 (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). "'To be credible' a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial . . ..'" *Id.* (quoting *Schlup,* 513 U.S. at 324).

Mr. Strong does assert his actual innocence. He does so in his Rule 59 motion currently before the Court, and he has filed a 189-page supplemental brief prepared by his sister, Patricia Evans (*see* ECF No. 59, Exh. 1). Ms. Evans's argument for Petitioner's innocence is that the incident on which the conviction was based involved consensual sex, not rape. She argues there were "indications" of racial discrimination at the trial, pointing out the victim was white, all of the jurors were white, the prosecutor raised the issue of the crime being interracial in voir dire, and one juror stated in voir dire she was raised to not believe in interracial marriage. Ms. Evans refers to "newly discovered research" about jury bias and "newly discovered evidence" about the prosecutor being disciplined for withholding evidence in another rape case and the judge being

questioned in 2008 about light sentences for offenders who committed sex crimes against minors. She argues Petitioner's public defender was appointed to be a judge after Petitioner's conviction and surmises he was "promoted" so he could not represent Petitioner on appeal. She includes information about historical lynchings of black men accused of raping white women. Ms. Evans argues DNA testing should have been done, as well as testing of the victim's blood for cortisol and epinephrine and testing of the Petitioner's clothing. She mentions a motion to view the premises being granted in Petitioner's first trial and "not brought up" on retrial. She repeatedly questions the reasonableness of the victim's story and alleged actions. She mentions a child who went missing in Topeka between Petitioner's first trial and the retrial, arguing potential jurors were prejudiced by news coverage that Mr. Strong was questioned by police in connection with the disappearance.

In summary, Ms. Evans has done a laudable job of compiling arguments about the evidence and theories about what happened to cause Petitioner's conviction. What neither Ms. Evans nor Petitioner do is mention any newly discovered evidence of Petitioner's innocence. Without any new reliable evidence of innocence, Petitioner cannot establish a miscarriage of justice that would allow the Court to reach the merits of the procedurally barred speedy trial claim. *See Schlup*, 513 U.S. at 316.

## III. Conclusion

Petitioner's motion contains some claims that are construed as successive habeas claims and are subject to dismissal for lack of jurisdiction. However, even if the entire motion were a true Rule 59(e) motion, it would be denied because Petitioner has not demonstrated a change in the controlling law, new evidence previously unavailable, or a need to correct clear error.

**IV. Other Pending Motions**

Petitioner has filed two other motions. The first is a motion to supplement his Rule 59(e) motion with the brief prepared by Patricia Evans (discussed above). *See* ECF No. 59. That motion is granted, and the Court has considered the brief in reaching its ruling on Petitioner's motion to alter or amend the judgment.

The second is a motion to appoint counsel (ECF No. 58). An applicant for habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). The Court may appoint counsel when "the interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. § 3006A(a)(2)(B).

The Court previously denied a motion by Petitioner to appoint counsel and has reviewed Petitioner's second motion and concludes the appointment of counsel remains unwarranted.

**IT IS THEREFORE ORDERED** that Petitioner's motion to alter or amend judgment (ECF No. 56) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (ECF No. 58) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's motion to supplement his motion to alter or amend judgment (ECF No. 59) is **granted**.

**IT IS SO ORDERED.**

DATED: This 8th day of April, 2020, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**